IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFFORD W. GARDNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-2559 |
| | § | |
| SUGAR LAND POLICE DEPARTMENT, | § | |
| *et al.*, | § | |
| Defendants. | § | |

## OPINION ON DISMISSAL

While incarcerated in the Galveston County Jail, plaintiff filed the pending civil rights action under 42 U.S.C. § 1983 seeking the return of his personal property, which the City of Sugar Land, Texas law enforcement officials confiscated during the course of arresting plaintiff for possession of crack cocaine. Because plaintiff's complaint is without a legal basis, the Court will dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff reports that on March 15, 2004, during the course of his arrest for possession of crack cocaine, City of Sugar Land police officers retrieved $5,035.00 from the glove compartment of his vehicle. On July 30, 2004, the possession charge was dismissed but the money was not returned to him. Plaintiff claims that he has attempted on several occasions to get the Sugar Land Police Department to return the cash to him, but to no avail.

Plaintiff also wrote to the Fort Bend County Sheriff's Department seeking release of the money. He was informed by letter that the money had been seized with the drugs and was not returnable. (Docket Entries No.1, No.9, Part 2). Based on this letter, plaintiff speculates that the money has been forfeited without notice. (*Id.*). Plaintiff, however, does not indicate that he has

communicated with the District Clerk or District Attorney of Fort Bend County regarding the status of the cash. Nor does plaintiff state that he has filed a motion for new trial or a bill of review in state court to overturn any forfeiture order.

## STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). Because plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997(e)(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard than those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, a court must assume that plaintiff's factual

allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* (citations omitted).

## DISCUSSION

To maintain a civil rights action under 42 U.S.C. § 1983, plaintiff must show that he has been deprived of a federally protected right by a person acting "under color of state law." 42 U.S.C. § 1983; *see also West v. Atkins*, 487 U.S. 42, 48 (1988). "A plaintiff may not, however, plead merely conclusory allegations to successfully state a section 1983 claim, but must instead set forth specific facts which, if proven, would warrant the relief sought." *Arnaud v. Odom*, 870 F.2d 304, 307 (5th Cir. 1989).

### Law Enforcement Departments

In Texas, a police department or sheriff's department generally does not enjoy a legal existence distinct from that of the municipality or county and are therefore not a legal entities capable of being sued. *Darby v. Pasadena Police Dep't.*, 939 F.2d 311, 313 (5th Cir. 1991). Plaintiff bears the burden of showing that a city or county department has the capacity to be sued. *Id.* at 314. Plaintiff has failed to allege or demonstrate that the Sugar Land Police Department or the Fort Bend County Sheriff's Department are separate legal entities having jural authority. Accordingly, plaintiff's claims against the Sugar Land Police Department and the Fort Bend County Sheriff's Department regarding the seizure and/or forfeiture of his money are legally frivolous and subject to dismissal.

### Detective Thomson

In response to plaintiff's queries about his cash, a Fort Bend County Jail administrator wrote the following to plaintiff by letter dated June 13, 2006:

> In reviewing your file, I found that you were arrested by the Sugar Land Police Department on March 15, 2004 for Possession of a Controlled Substance.
> I have contacted Detective Thomson at the Sugar Land Police Department regarding your request. Detective Thomson stated that your property was seized with drugs and therefore would not be returned to you.

(Docket Entry No.9, Part 2). Other than these statements attributed to Detective Thomson, plaintiff makes no other allegations against Thomson with respect to the cash.

Under Texas law, a law enforcement officer who seizes contraband takes custody of the property and must place the property under seal, remove the property to a place ordered by the court, or require a law enforcement agency of the state or political subdivision to take custody of the property and move it to a proper location. TEX. CODE CRIM. PROC. ANN. art. 59.03 (Vernon Supp. 2006). Plaintiff does not allege that Thomson was involved in the seizure of the cash or that he took any action with respect to the money.

Moreover, in Texas, forfeiture proceedings are initiated by the "attorney representing the state" in the district court in the county in which the seizure is made. *Id.,* art. 59.04. Plaintiff does not allege that Thomson is an attorney or that he was involved in the alleged forfeiture proceedings.

Finally, to the extent that plaintiff alleges that Detective Thomson had anything to do with plaintiff's cash, plaintiff cannot seek monetary damages from Thomson. Under Texas law, Thomson is entitled to immunity from liability with respect to the lawful performance of his duties. *Id.*, art. 59.07.

In short, plaintiff's claim against Detective Thomson is without a legal or factual basis and is therefore, frivolous and subject to dismissal.

## CONCLUSION

Based on the foregoing, the Court enters the following ORDERS:

4

1. Plaintiff's complaint is DISMISSED with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. All pending motions, if any, are DENIED.

3. The Court granted plaintiff's application to proceed *in forma pauperis* and ordered the agency having custody over plaintiff to collect the $350.00 filing fee in periodic installments as required by 28 U.S.C. § 1915(b) when funds were available, and to forward the same to the Court. (Docket Entry No.8). Court records indicate that plaintiff has not paid the filing fee. In light of plaintiff's recent transfer to another county jail, the Court ORDERS the agency having custody over plaintiff to deduct twenty per cent (20%) of each deposit made to the plaintiff's inmate trust fund account and pay this amount to the Court on a regular basis, provided the account exceeds $10, until the filing fee of $350.00 is paid.

The Clerk of Court will send a copy of this Order by regular mail to plaintiff and a copy by facsimile transmission, regular mail, or e-mail to the official in charge of the inmate trust fund account at the Jackson County Jail, 115 W. Main, Edna, Texas 77957, telephone 361-782-5407, fax 361-782-7574, and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, on this 1st day of November, 2006.

                                                                MELINDA HARMON
UNITED STATES DISTRICT JUDGE